UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-2316 PA (MAAx) | Date | April 25, 2023 |
|---|---|---|---|
| Title | Robert Deutsch v. Robert Klein, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | N/A | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| None | None | |

**Proceedings:** IN CHAMBERS — COURT ORDER

This action was transferred to this Court from the United States District Court for the District of Arizona. The First Amended Complaint filed by plaintiff Robert Deutsch ("Plaintiff") asserts claims against Robert Klein as trustee of the Anna Deutsch Trust ("Trustee") and beneficiaries of the trust. The First Amended Complaint alleges that the Court possesses subject matter jurisdiction pursuant to the Court's diversity jurisdiction. See 28 U.S.C. § 1332. The First Amended Complaint asserts claims for: (1) invalidity of the 2015 amendment to the trust for lack of capacity; (2) invalidity of the 2015 amendment to the trust for undue influence; and (3) invalidity of all post-1993 amendments to the trust based on suspicious circumstances and to avoid unjust enrichment.

Because Plaintiff appeared to be contesting provisions of his mother's testamentary documents and issues related to the administration of her estate, the Court, on April 3, 2023, issued an Order to Show Cause why this action should not be dismissed without prejudice for lack of subject matter jurisdiction as a result of application of the probate exception to the Court's subject matter jurisdiction. In his Responses to the Order to Show Cause, Plaintiff contends that the probate exception "does not generally apply to trust litigation . . . ." According to the Supreme Court:

> [T]he probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction.

Marshall v. Marshall, 547 U.S. 293, 311-12, 126 S. Ct. 1735, 1748, 164 L. Ed. 2d 480 (2006). Following Marshall, the Ninth Circuit has explained:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-2316 PA (MAAx) | Date | April 25, 2023 |
|---|---|---|---|
| Title | Robert Deutsch v. Robert Klein, et al. | | |

> "It is clear after Marshall that unless a federal court is endeavoring to (1) probate or annul a will, (2) administer a decedent's estate, or (3) assume in rem jurisdiction over property that is in the custody of the probate court, the probate exception does not apply."

Goncalves v. Rady Children's Hosp. San Diego, 865 F.3d 1237, 1252 (9th Cir. 2017) (quoting Three Keys Ltd. v. SR Util. Holding Co., 540 F.3d 220, 227 (3d Cir. 2008).

Contrary to Plaintiff's Response, the fact that Plaintiff's claims in this action involve the validity of a trust rather than the probate of a will does not preclude the application of the probate exception.  See Chabot v. Chabot, No. 4:11-CV-217-BLW, 2011 WL 5520927, at *4 (D. Idaho Nov. 14, 2011) ("[T]he Court concludes that Marshall implicitly held that the probate exception applies to trusts that act as will substitutes. . . .  Such a holding makes sense, given that Americans increasingly use trusts to transfer their wealth rather than wills."); see also Vaughn v. Mantague, 924 F. Supp. 2d 1256, 1268 n.7 (W.D. Wash. 2013); Marcus v. Quattrocchi, 715 F. Supp. 2d 524, 531 n.4 (S.D.N.Y. 2010) (explaining that "although a minority of courts have held that trust matters do not fall within the probate exception, many courts, including the Supreme Court in Marshall, have applied the probate exception analysis to situations involving trusts"). Indeed, the reason other Court's have concluded that Marshall implicitly held that the probate exception applies to testamentary trusts is because the estate documents underlying the dispute in Marshall were trust documents instead of a will, so Marshall's clarification of the test for applying the probate exception would have been unnecessary if the probate exception categorically did not apply to estates with trusts rather than wills.

Because Plaintiff seeks to invalidate his mother's testamentary trust documents, the Court concludes that Plaintiff is "endeavoring to . . . annul a will" within the meaning of the probate exception and that the Court lacks subject matter jurisdiction over Plaintiff's claims.  This conclusion is buttressed by the facts contained in defendants' Response to the Court's Order to Show Cause, in which defendants explain that the trustee has initiated several actions under the California Probate Code in Los Angeles Superior Court in response to claims Plaintiff has asserted to property of the estate.  Plaintiff filed a Reply to defendants' Response in which he requests that if the Court concludes that it lacks subject matter jurisdiction, that this Court "transfer" this action to the Probate Court to avoid a potential statute of limitations issue. However, because this action was originally filed in federal court, there is no mechanism to transfer the action to the Los Angeles Superior Court where the probate case is pending. Whether Plaintiff's filing of this action in some way acts to toll the statute of limitations is for the Probate Court to resolve.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-2316 PA (MAAx) | Date | April 25, 2023 |
|---|---|---|---|
| Title | Robert Deutsch v. Robert Klein, et al. | | |

For all of the foregoing reasons, the Court concludes that this action presents claims within the probate exception to the Court's subject matter jurisdiction. The Court therefore dismisses this action without prejudice for lack of subject matter jurisdiction. The Court will issue a Judgment consistent with this Order.

IT IS SO ORDERED.